JC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sofia Kuznetsova, | No.   CV-26-00133-PHX-SMB (JZB) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, et al., | |
| Respondents. | |

Petitioner Sofia Kuznetsova, who is represented by counsel, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging her immigration detention. (Doc. 1.)  In a January 21, 2026 Order (Doc. 4), the Court directed Respondents to show cause why the Petition should not be granted.  Respondents filed a Response (Doc. 6) on January 30, 2026, to which Petitioner has not replied. On June 19, 2026, Petitioner filed an "Emergency Motion for Immediate Release from Detention" (Doc. 7.)  For the reasons explained herein, the Court will deny the Petition and the Emergency Motion.

## I.    Background

On or about November 14, 2024, Petitioner entered the United States near San Luis, Arizona and was taken into custody by the United States Border Patrol.  (Doc. 1 ¶ 14; Doc. 6-1 ¶ 4.)  She was placed in expedited removal proceedings and asserted a fear of return to Russia. (Doc. 6-1 ¶¶ 4, 6.)  On December 27, 2024, an asylum officer found that Petitioner had a credible fear of persecution. (*Id.* ¶ 8.) On December 30, 2024, Respondents issued a

Notice to Appear and placed Petitioner in removal proceedings under 8 U.S.C. § 1229a. (*Id.* ¶ 9.)

On February 10, 2025, Petitioner requested release on humanitarian parole. (*Id.* ¶ 11.)  On March 12, 2025, the Deputy Field Office Director denied that request.  (*Id.* ¶ 14.) On June 3, 2025, an Immigration Judge ordered Petitioner removed to Russia after denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture.[1] (Doc. 1-1 at 6-9.) The Board of Immigration Appeals (BIA) dismissed Petitioner's appeal on December 31, 2025. (*Id.* at 17-20.)

Petitioner filed a petition for review and a motion to stay removal in the United States Court of Appeals for the Ninth Circuit.  *Kuznetsova v. Bondi*, No. 26-139 (9th Cir.). On January 7, 2026, the Ninth Circuit entered a temporary stay of removal under General Order 6.4.  (Doc. 1-1 at 22-23.)  That petition remains pending.

Respondents state that Petitioner possesses a valid passport, that commercial flights to Russia depart regularly, and that Petitioner could be removed within weeks once the stay of removal is lifted. (Doc. 6-1 ¶¶ 19-20.)

**II.    Discussion**

**A.    Jurisdiction**

The writ of habeas corpus is available "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). District courts have jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020); *see also Dep't of Homeland Sec. v. Regents of the*

---

[1] Respondents' Response and the Declaration of Deportation Officer David Elicio incorrectly state that the Immigration Judge ordered Petitioner removed on November 12, 2025. (Doc. 6 at 1, 2, 5; Doc. 6-1 ¶ 16.) The record documents establish otherwise: the Immigration Judge's decision issued on June 3, 2025 (Doc. 1-1 at 6-9), Petitioner filed her Notice of Appeal on June 18, 2025 (*id.* at 11-13), and the BIA's December 31, 2025 decision states that Petitioner "appeals the Immigration Judge's June 3, 2025, decision" (*id.* at 17).  The Court accordingly draws the procedural history from the record documents and credits the Declaration where its account is corroborated or uncontested.

*Univ. of Cal.*, 591 U.S. 1, 19 (2020) (rejecting an expansive reading of § 1252(g) as covering "all claims arising from deportation proceedings" or imposing "a general jurisdictional limitation") (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).

Petitioner's challenge to the lawfulness of her continued detention is independent of and collateral to the removal process, and the Court therefore has jurisdiction to adjudicate the Petition. Petitioner bears the burden of proving by a preponderance of the evidence that she is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

### B.    Applicable Detention Statute

The Immigration and Nationality Act establishes procedures for removing aliens living unlawfully in the United States, as well as for determining whether such persons are to be detained during removal proceedings. *Johnson v. Guzman-Chavez*, 594 U.S. 523, 527 (2021).  As the Ninth Circuit recounted in *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023), the following statutes grant the United States authority to detain aliens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

Petitioner asserts that she is detained under § 1225(b). (Doc. 1 ¶¶ 44-48, 55.) Respondents contend that she is detained under § 1231(a). (Doc. 6 at 3 & n.1.) The record supports a finding that Petitioner is detained under § 1225(b)(1)(B)(ii).

Under § 1225(a)(1), an alien who is "present in the United States who has not been admitted or who arrives in the United States" is treated as "an applicant for admission." Applicants for admission fall into two categories. Section 1225(b)(1) applies to those initially determined to be inadmissible for fraud, misrepresentation, or lack of valid

documentation. *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1225(b)(2) is the "catchall" provision that applies to all other applicants for admission. *Id.*

Aliens covered by § 1225(b)(1) are ordinarily subject to expedited removal without a hearing before an Immigration Judge. 8 U.S.C. § 1225(b)(1)(A)(i). If such an alien indicates an intention to apply for asylum or a fear of persecution, however, the inspecting officer must refer him or her for an interview with an asylum officer. *Id.* § 1225(b)(1)(A)(ii). If the asylum officer finds a credible fear of persecution, the alien "shall be detained for further consideration of the application for asylum." *Id.* § 1225(b)(1)(B)(ii). The only avenue for release pending that consideration is temporary parole "for urgent humanitarian reasons or significant public benefit." *Id.* § 1182(d)(5)(A).

It is undisputed that when Petitioner was arrested by the United States Border Patrol upon her arrival in the United States, she was properly treated as an "applicant for admission" under 8 U.S.C. § 1225(a)(1). She was placed in expedited removal, established a credible fear of persecution, and was referred for proceedings under § 1229a. An applicant for admission in that posture is subject to mandatory detention under § 1225(b)(1)(B)(ii).

Detention is governed by § 1225(b) until that authority shifts to § 1231, which occurs on the latest of (1) the date the removal order becomes administratively final, (2) the date of the reviewing court's final order where the removal order is judicially reviewed and that court stays removal, or (3) the date the alien is released from criminal custody. *Avilez*, 69 F.4th at 531. Here, Petitioner's removal order became administratively final when the BIA dismissed her appeal on December 31, 2025. (Doc. 1-1 at 17-20.) The Ninth Circuit has stayed her removal, however, and has not yet entered a final order on her petition for review. (*Id.* at 22-23.) The § 1231 removal period therefore has not commenced, and Petitioner remains detained under § 1225(b).[2] *Prieto-Romero*, 534 F.3d

---

[2] To the extent the Petition can be read to advance a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), that theory does not aid Petitioner. *Zadvydas* construes the post-removal-period detention authority of § 1231(a)(6). *Id.* at 699-701. As Petitioner is not detained under § 1231(a), the removal period has not begun and the *Zadvydas* clock has

at 1059 (stating that § 1231(a)(1)(B) "makes clear that when a court of appeals issues a stay of removal pending its decision on an alien's petition for review of his removal order, the removal period begins only after the court denies the petition and withdraws the stay of removal"); *see also Avilez*, 69 F.4th at 531 (explaining that "Section 1231(a) does not apply to detention during the pendency of administrative or judicial removal proceedings").

### C.    Procedural Due Process

Petitioner's entitlement to a bond hearing cannot rest on the detention statute. The Supreme Court has held that § 1225(b) mandates detention throughout the completion of removal proceedings, that it does not require a bond hearing, and that it does not place on the Government the burden of justifying continued detention. *Jennings*, 583 U.S. at 297-303. Petitioner has no statutory right to the relief she seeks, and any claim resting on the statute fails.

*Jennings* resolved only the statutory question.  The Supreme Court declined to reach the detainees' constitutional arguments and remanded them for consideration in the first instance. *Jennings*, 583 U.S. at 313. The Supreme Court likewise left due process challenges to detention under § 1231(a)(6) for the lower courts to consider in the first instance. *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 583 (2022).  Neither the Supreme Court nor the Ninth Circuit has since resolved the question.  As the Ninth Circuit observed after both decisions, "it remains undetermined whether the Due Process Clause requires additional bond procedures under any immigration detention statute." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201 (9th Cir. 2022). The question is therefore open, and the Court addresses it.

Petitioner emphasizes that she has been detained under § 1225(b) since November 2024 and argues that her continued detention without an individualized hearing before a neutral decisionmaker is unconstitutional.  (*See* Doc. 1 at ¶¶ 16, 23, 47, 48, 55.)

The entry fiction forecloses that contention. Under that doctrine, an alien standing at the threshold of initial entry has only those rights regarding her admission that Congress not started.

has conferred by statute, and she may not invoke the Due Process Clause to demand more. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138-40 (2020). The doctrine describes Petitioner's position. She crossed the border without inspection and was apprehended the same day.  An alien apprehended shortly after an unlawful entry is treated as though stopped at the border. *Thuraissigiam*, 591 U.S. at 139.

In *Shaughnessy v. United States ex rel. Mezei*, the Supreme Court applied the entry fiction to an alien who had been detained on Ellis Island for over 21 months.  345 U.S. 206, 215-16 (1953). Reasoning in part that he was treated as if stopped at the border, the Supreme Court concluded that the alien's continued exclusion deprived him of no statutory or constitutional right.  *Id.* at 215-16.  The Ninth Circuit, sitting en banc, stated that the holding in *Mezei* "necessarily included a determination that [the alien's] *detention* was legal[.]"  *Barrera-Echavarria v. Rison*, 44 F.3d 1441, 1449 (9th Cir. 1995) (emphasis in original).

Judges of this District have divided on the question.  Several have concluded that the entry fiction does not bar a detention-based due process claim and have ordered bond hearings for § 1225(b) detainees. *See Khasanova v. Rokosky*, No. CV-26-00763-PHX-JCH (JFM), 2026 WL 1815723, at *3-5 (D. Ariz. June 24, 2026); *Zinaida v. Lyons*, No. CV-26-02866-PHX-RM (MTM), 2026 WL 1584699, at *1-2 (D. Ariz. June 3, 2026); *Salamakhin v. Noem*, No. CV-26-00330-PHX-AMM (MTM), 2026 WL 1250296, at *3-5 (D. Ariz. May 6, 2026); *Mizgirev v. Rokosky*, No. CV-26-01969-PHX-SHD (JZB), 2026 WL 1673840, at *3-6 (D. Ariz. May 12, 2026); *report and recommendation adopted*, No. CV-26-01969-PHX-SHD, 2026 WL 1669318 (D. Ariz. June 9, 2026); *Imani v. Cantu*, No. CV-26-01933-PHX-DJH (CDB), 2026 WL 1406307, at *3-9 (D. Ariz. May 4, 2026), *report and recommendation adopted*, No. CV-26-01933-PHX-DJH, 2026 WL 1398596 (D. Ariz. May 19, 2026).  Others have concluded that there is no constitutional right to a bond hearing in this context.  *See Mamedova v. Noem*, No. CV-25-04619, 2026 WL 1162282, at *3 (D. Ariz. Apr. 29, 2026); *Savin v. Rivas*, No. CV-26-01120, 2026 WL 1162384 (D. Ariz. Apr. 29, 2026); *Korneva v. Rokosky*, No. CV-26-01505-PHX-MTL (MTM), 2026

WL 851591, at *1 (D. Ariz. Mar. 11, 2026); *Leon Alcazar v. Cantu*, No. CV-24-03342-PHX-JAT (DMF), 2025 WL 2548698, at *12 (D. Ariz. June 5, 2025), *report and recommendation adopted*, No. CV-24-03342-PHX-JAT, 2025 WL 2304357 (D. Ariz. Aug. 11, 2025). This Court recently reached the same conclusion, rejecting a Report and Recommendation that would have granted a bond hearing to a § 1225(b)(1) detainee whose removal proceedings remained pending. *Nkweta v. Rokosky*, No. CV-26-02828-PHX-SMB, 2026 WL 2110635 (D. Ariz. July 22, 2026). The Court remains persuaded by the growing line of authority finding that there is no constitutional right to a bond hearing in this context. Thus, the Court concludes that Petitioner has no statutory or constitutional right to a bond hearing throughout the completion of the immigration proceedings. *See Jennings*, 583 U.S. at 297 ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").

### D.    Administrative Procedure Act Claim

The Petition also asserts a violation of the Administrative Procedure Act. (Doc. 1 ¶¶ 51-53.) Petitioner asserts that Respondents' decision to refuse Petitioner parole was arbitrary and capricious because "the Respondents failed to consider relevant factors or provide a satisfactory explanation for their decision." (Doc. 1 ¶ 52.) The Secretary of the Department of Homeland Security may release individual aliens temporarily on "parole," but "only on a case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). Whether to temporarily release an alien for these reasons "is a discretionary decision of the Attorney General that is not reviewable by this Court." *Andrade v. Cantu*, No. CV-23-01462-PHX-DLR (CDB), 2023 WL 5934578, at *2 (D. Ariz. Aug. 8, 2023) (quoting *Lopez v. U.S. Dep't of Homeland Sec.*, No. CV-20-01063-PHX-JJT (MTM), 2021 WL 2079840, at *3 (D. Ariz. Jan. 28, 2021)). The Court therefore cannot review the denial of Petitioner's request for humanitarian parole. The

Court will deny the Petition and deny Petitioner's "Emergency Motion for Immediate Release from Detention" (Doc. 7) as moot.[3]

Therefore,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's "Emergency Motion for Immediate Release from Detention" (Doc. 7) is **denied** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment accordingly and close this case.

Dated this 28th day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge

---

[3] The Motion requests release during the pendency of the habeas proceedings, alleging the denial of adequate dental care and inappropriate physical contact during a security screening. (Doc. 7 at 4.) To the extent the Motion presents a standalone challenge to the conditions of confinement, it is not cognizable in this § 2241 action. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted).